UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:99-CR-90-1 |
| | § | |
| GLEN M DAVIS | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Glen M. Davis' Motion for Reduction or Modification of Sentence (Doc. # 339) and Davis's supplements to the motion (Docs. # 341-44).  Having carefully considered Davis' motion and supplements and the relevant record, the Court is of the opinion that Davis' motion should be granted in part.

### I.     Background

Davis was found guilty of aiding and abetting in the possession of, with intent to distribute, more than five kilograms of cocaine.  His conviction was reversed and remanded by the Fifth Circuit because Davis represented himself for the questioning of several witnesses at trial but was not adequately warned about the dangers of self-representation.

Following the reversal, the government presented a superseding indictment charging Davis with possession with intent to distribute more than five kilograms of cocaine, and with conspiracy to possess with intent to distribute more than five

kilograms of cocaine. *See* Superseding Indictment (Doc. # 194). Davis was convicted on both counts. *See* Jury Verdict (Doc. # 247). These convictions carried a statutory sentence of 10 years to life imprisonment. The government sought an enhancement to mandatory life based on two prior felony convictions, and the Court sentenced Davis to life imprisonment.

Davis now seeks a reduction in sentence under the First Step Act. In the alternative, he seeks compassionate release based on the Covid-19 pandemic and his underlying health conditions.

## II. First Step Act and Compassionate Release

### A. Changes to Relevant Sentencing Law

Davis' sentence was enhanced to a mandatory life sentence on the basis of two prior felony drug convictions. Davis notes that one of those prior convictions was based on an Ohio statute that has since been modified. Under the modified statute, Davis' offense would be a misdemeanor. Davis would not have faced a mandatory life sentence with one prior felony and one misdemeanor conviction on his record.

Davis' crimes involved powder cocaine. He acknowledges that the First Step Act does not extend prior sentencing reforms to crimes involving powder cocaine, nor is it retroactive to sentences imposed before the Act became effective. He argues, however, that this Court has authority to modify his sentence under 18

U.S.C. § 3582(c)(1)(A) if there are extraordinary and compelling reasons to do so, and that such reasons are present in this case.

Section 3582(c)(1)(A) provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)   extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

The First Step Act modified this statute by adding the provision allowing a defendant to move for a sentence modification on his own. Prior to this amendment, a grant of compassionate release had to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(ii).  A number of courts reviewing the amended statute have found that courts may be guided, but are no longer bound, by the Sentencing Commission's policy statement, and that subsequent modifications to the law which render an existing sentence significantly harsher than a newly imposed sentence would be for the same crime may constitute extraordinary and compelling circumstances.  *See*, *e.g.*, *United States v. Lyle*, 506 F. Supp. 3d 496 (S.D. Tex. 2020); *United States v. Urkevich*, 2019 WL 6037391 (D. Neb. Nov. 14, 2019). Davis notes that, under an amendment to the Controlled Substance Act, he would not have two prior qualifying drug convictions if sentenced today, and would therefore not be subject to a mandatory life sentence.  Under current law, Davis would face a mandatory 15 year minimum.

The Court finds the fact that Davis' exceedingly harsh mandatory sentence is far longer than he would face for the same offense today constitutes an extraordinary and compelling reason for modifying his sentence.  Congress has passed legislation reflecting a change in policy on sentencing for drug crimes, reflecting an acknowledgement that the prior sentencing regime was excessively harsh.

In addition to the harshness of Davis' sentence, Davis presents substantial evidence of rehabilitation during his two decades in prison.  Davis' efforts at rehabilitation include taking college and other skills development classes.  *See*

Exhibits 2-4 to Doc. # 339. Davis has a job waiting for him if he is released. Doc. # 343. Davis therefore demonstrates extraordinary and compelling circumstances, along with rehabilitation and good prospects for integration into society, justifying a reduction of his sentence.

### B. Covid-19

Davis expresses fear of contracting Covid-19 and states that he suffers from asthma, hypertension, obesity, and other health condition. The Court takes judicial notice of the fact that the Federal Bureau of Prisons has implemented policies to reduce the risk and spread of Covid-19, and that Covid-19 vaccines are now in use, further reducing the risk of serious illness caused by the virus.

While it is unquestionably true that there has been a significantly higher rate of Covid-19 infection in prisons than in the general population, there is no basis for finding that generalized fear of an infectious disease falls within the meaning of "extraordinary and compelling reasons." Davis makes no showing that he is at any greater risk of contracting the disease than any other incarcerated person, and the availability of vaccination sharply reduces the risk of serious illness or death if he does become infected.

### III. Conclusion And Order

For the foregoing reasons, it is ORDERED that Davis' motion for a reduction or modification of sentence (Doc. # 339) is GRANTED IN PART and

Davis' sentence is modified to time served. Davis' second motion for hearing (Doc. # 347) is DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 4th day of November, 2021.

_____
Kenneth M. Hoyt
United States District Judge